IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EDWARDS, | No. CIV S-10-2803-JAM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| NORTHEASTERN RURAL HEALTH CLINICS, | |
| Defendant. | |

      Plaintiff, who is proceeding pro se, brings this civil action. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it

appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In this case, plaintiff alleges that defendant, who is not a state actor, intentionally caused him pain and suffering by preventing him from obtaining medical care. Plaintiff has not, however, cited any federal statute or constitutional provision for purposes of establishing this court's federal question jurisdiction. Plaintiff, who is a citizen of California, does not allege that defendant is a citizen of another state for purposes of establishing this court's diversity jurisdiction. It appears that plaintiff's complaint presents only questions of state law over which this court lacks jurisdiction. Plaintiff's remedies, if any, lie in state court and not in federal court.

Based on the foregoing, the undersigned recommends that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE